*U. G. Denman,* City Solicitor, for plaintiff.

*Smith & Baker,* for defendant.

---

## LIABILITY OF MUNICIPALITY FOR DEFECTIVE SIDEWALK.

[Circuit Court of Lucas County.]

ADELIA BLOOM v. THE CITY OF TOLEDO.

Decided, October 3, 1903.

*Sidewalks—Rendered Unsafe by Snow and Ice—City Liable Where Ice Accumulates as a Result of a Defect in the Walk.*

For the presence of snow and ice upon the sidewalk, which comes today and is gone tomorrow, the municipality is not liable; but when the danger to those using the walk arises from a defect in the walk itself, as from a sunken stone where water collects and freezes, the rule is different, and liability for an injury on account of such defect arises. 19 C. C., 418, followed and approved.

HAYNES, J.; HULL, J., and PARKER, J., concur.

In this case a petition in error is filed to reverse the action of the court of common pleas. It is a case in which Adelia Bloom

is plaintiff and the City of Toledo defendant. It appears from
the evidence in the case—briefly—that there existed at the time
of the occurrences complained of, in the sidewalk upon the east-
erly or northeasterly side of Lagrange street, at or near the
junction of that street with Erie street in this city, a depres-
sion in the sidewalk, wherein in times of rain or melting snows
water would accumulate and stand, and was liable to and did
become frozen and slippery, and that this state of affairs had
existed for a considerable time prior to the 1st of February,
1902, at which time, in the evening, the plaintiff in passing
along that street, with her husband, stepped upon this icy spot,
slipped and fell, receiving severe injuries from which she was
laid up for a long time, and from which she was for a long time
disabled.

Upon the trial of the case, testimony having been given to es-
tablish these facts, the court directed a verdict for defendant,
the city of Toledo, and thereupon a petition in error is prosecuted
to this court for the purpose of reversing the action of the court
below.

The testimony upon the trial showed that there was this de-
pression. It seemed that at one end of the stone it had become
sunken lower than the rest of the sidewalk, and therefore it
retained the water which fell during rains, or the water which
came from the melting of snows, or the water which ran into it
from the adjacent property.

We suppose the theory of the trial court was that this ob-
struction was of such a nature that the city was not liable, and
the line of argument is, that in regard to these minor obstruc-
tions, arising from snow and ice upon the street—liable to come
today and be gone tomorrow, that there can be no liability upon
the part of the city. I do not propose to go into a discussion
of all the cases that have been cited in regard to the matter, but
I simply point out this fact, that in all these cases it would seem
that the court confines its decisions—in cases where there are no
defects in the sidewalks, along ordinary sidewalks there may be-
come, by reason of snow storms or sleet storms, ice in a very
few minutes, and there may be accumulations of water that fol-
low a rain or from snow that has melted within a very short

time—and the courts have held that, in cases of that kind, that the city is not liable.  But when cases arise from defect in a sidewalk, and the sidewalk itself becomes the source of the evil, the rule is different—and we think it should be different.  It is true that this unevenness covered a very small space; but it is in the sidewalk—which is not more than four or five feet wide—and it is certain that it was large enough so that a person could receive a very severe injury by stepping upon a spot of that kind, and it certainly should be looked after and remedied just as much as though half of a plank were gone; it is just that class of defects which require the attention of the city, and too often, I fear, just that class of cases which are overlooked by the officers of the city.

After a full discussion of this case we refer to the case of *Russell* v. *The City of Toledo,* decided in the January Term, 1899, by this court, in which Judge King delivered the opinion, and in which he discusses these questions very fully and very clearly.  This opinion will be found in the 19 Circuit Court Reports, page 418.  I will simply say that in deciding this case we follow the law as laid down in the decision of that case and affirm it and abide by it.  The question whether this defect was a matter which was dangerous. or not, is a matter which should have been submitted to a jury and is not a question of law that the court, under the circumstances, should take from the jury.  The verdict will be set aside and the judgment reversed and the cause remanded for a new trial.

*Peter Emslie,* for plaintiff.

*M. R. Brailey,* for the defendant.